Judge Lane
stated the case and delivered the opinion of the ■court :
The facts of the case are agreed.
In 1817, Josephus B. Stuart became the purchaser from the 477] *United States of tract No. 5, in the “ Sandusky Reserve,” under the system of purchases from the United States which then prevailed, upon which he made the first payment.
In 1821, the purchase money being unpaid, he took the benefit of the laws then enacted, in an eight year’s credit on the land.
In 1826 it was entered on the list for taxation, and the taxes of 1826-37 being unpaid, the land was sold for taxes to Strain, who took possession, and whose title is held by defendant.
In 1830 Stuart completed the payment of the land, and received patent from government, by which he claims title.
Counsel have discussed the question, whether the land was liable to taxation before patent issued, and whether the tax was properly levied. We entertain the belief that these questions need not be decided. The sale in 1827 transferred, at best, the title of .'Stuart which he then held, and his title then was equitable only. His subsequent acquisition of the legal title did not inure to the benefit of that purchaser, for the sale of his interest by the public ■officer, raised no estoppel against him as if he had transferred with warranty. Admitting, then, for present purposes, the legality of the sale, and that Stuart’s interest passed by it, those rights being merely equitable, offer no defense to an action of ejectment by the holder of the legal title.